UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

JUN 1 7 2015

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CR 01-40077 |
| Plaintiff/Respondent, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
| | * | |
| WESLEY W. AUSTIN, | * | |
| | * | |
| Defendant/Petitioner. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Wesley W. Austin ("Austin") moves for a Writ of Error Coram Nobis. In his motion, Austin requests that the Court issue the common law writ of coram nobis to vacate his conviction which he argues was obtained in violation of the Sixth Amendment right to effective assistance of counsel. The government has not filed a response to the motion. For the following reasons, the motion will be denied.

## BACKGROUND

In 2001, Austin was charged with nine counts of bankruptcy fraud, one count of false declaration, three counts of wire fraud and fourteen counts of money laundering. On June 10, 2002, he entered a plea of guilty to one count of bankruptcy fraud in violation of 18 U.S.C. § 152(1) and one count of false declaration in violation of 18 U.S.C. § 1623. In paragraph 13 of the plea agreement, Austin waived his right to appeal "any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution, and to the Court's entry of judgment against the defendant and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742."

Austin acknowledged at the change of plea hearing that he understood the plea agreement and told the Court he did not have any questions about it. The Court asked Austin the following:

You understand also that if you do enter a guilty plea here today, that that is final. If you got the presentence report and it indicated a higher guideline range than you thought you were going to be subject to, you couldn't say, oh, wait a minute, I want to change my mind, I want a trial after all. Doesn't work that way, do you understand that?

Austin responded "yes" to this question. The Court accepted the plea, ordered a presentence investigation, and scheduled a date for sentencing.[1] Austin was sentenced to 33 months imprisonment and three years supervised release on each count, with the terms to run concurrently. Restitution in the amount of $1,598,000 was ordered, with credit for the $310,000 already paid. Austin appealed his sentence to the Eighth Circuit but the appeal was dismissed.

Austin then sought postconviction relief under 28 U.S.C. § 2255. He challenged the Court's authority to find sentence-enhancing factors by a preponderance of the evidence, claimed that the presentence report was inaccurate, and argued that the government breached the plea agreement and that his counsel was ineffective. This Court denied Austin's request for habeas relief, and he did not appeal the denial.

After his release from prison, Austin was indicted in May of 2011 for conspiracy to commit wire fraud, wire fraud, and money laundering. He entered a plea of guilty to the conspiracy count and he is currently serving a sentence of 132 months' imprisonment for that conviction.

## DISCUSSION

Pursuant to the All Writs Act, a federal court has the authority to "issue all writs necessary or appropriate in aid of [its] ... jurisdiction[ ]." *Phillips Beverage Co. v. Belvedere, S.A.*, 204 F.3d 805, 806 (8th Cir. 2000) (quoting 28 U.S.C. § 1651(a)). A writ of error coram nobis is a common

___

[1]The Court continued Austin's sentencing hearing on a number of occasions so that Austin could work on business transactions that, if successful, would have allowed him to repay all of the money owed to the victims in this case. During this time period, Austin paid $310,000 toward his total restitution amount of $1,598,000. The Court held status hearings on January 27, 2003, July 21, 2003, September 2, 2003, December 11, 2003, January 3, 2005, and finally sentenced Austin on April 25, 2005.

law writ which the Eighth Circuit treats as "substantially equivalent" to habeas corpus relief under 28 U.S.C. § 2255. *United States v. Camacho-Bordes*, 94 F.3d 1168, 1172-73 (8th Cir. 1996). "Both writs are used to challenge a conviction or sentence, the main difference between the two being that coram nobis relief is available when the defendant is no longer in custody for the applicable conviction, while custody is a prerequisite for habeas relief." *Id.* at 1172 n. 6 (citing *United States v. Little*, 608 F.2d 296, 299 & n. 5 (8th Cir.1979)). In order to obtain coram nobis relief, "a petitioner must show a compelling basis" and "must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis." *Id.* at 1173 (quoting *Kandiel v. United States*, 964 F.2d 794, 797 (8th Cir.1992)). The Supreme Court has noted that the availability of the writ is limited "to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.' " *United States v. Denedo*, 556 U.S. 904, 911 (2009) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)).

Austin argues that: 1) collateral attack waivers in plea agreements cause a conflict of interest to arise between the defendant and his lawyer, thus they violate the defendant's Sixth Amendment right to counsel; 2) the government commits fraud when it negotiates and places a collateral attack waiver into the plea agreement; 3) plea agreements are contracts and, just like any other contract, a plea agreement is void if a party commits fraud during negotiations; and 4) the government committed fraud by including a collateral attack waiver in Austin's plea agreement, thus his plea agreement is void and his conviction must be vacated.

Austin's argument is rejected. His plea agreement does not contain a waiver of his right to collaterally attack his conviction or sentence, it only includes a waiver of his right to appeal. Indeed, Austin collaterally attacked his conviction and sentence pursuant to 28 U.S.C. § 2255, and this Court addressed each of his arguments in a nine page Memorandum Opinion and order. *See* CIV 06-4011, Doc. 11. There is no basis for coram nobis relief here. Accordingly,

IT IS ORDERED that the Motion for Writ of Error Coram Nobis, doc. 130, is denied.

3

Dated this 17ᵗʰ day of June, 2015.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
    (SEAL)           DEPUTY

4